IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSWEST CAPITAL, INC., | CASE NO. CV F 12-0049 LJO BAM |
| Plaintiff, | **ORDER TO DENY SUMMARY DISPOSITION** |
| vs. | (Docs. 15-17.) |
| CASHLESS CONCEPTS, INC., et al., | |
| Defendants. | |
| _____/ | |
| AND RELATED ACTIONS. | |
| _____/ | |

Pro se defendants/counter-defendants Cashless Concepts, Inc. ("Cashless") and Danny Ray Digman ("Mr. Digman") are subject to claims that they created false bills of lading to induce plaintiff Transwest Capital, Inc. ("Transwest") and defendant/counter-claimant Schenker Logistics, Inc. ("Schenker") to make payments in reliance on the fraudulent bills of lading. Cashless and Mr. Digman have filed papers to seek "summary disposition" of Transwest and Schenker's claims against Cashless and Mr. Digman in that Transwest's F.R.Civ.P. 26(a)(1) initial disclosures indicate that a Schenker employee verified the subject bills of lading with a Transwest employee.

Cashless and Mr. Digman point to no legal basis to support "summary disposition." This Court

1

construes Cashless and Mr. Digman's summary disposition motions to seek summary judgment on Transwest and Schenker's claims.

F.R.Civ.P. 56(a) permits a party to seek summary judgment "identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Summary judgment is appropriate when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(a); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (2007) (moving party is able to prevail "by pointing out that there is an absence of evidence to support the nonmoving party's case"); *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574."If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598.

Cashless and Mr. Digman fail to carry the summary judgment burden. They fail to demonstrate the absence of material factual issues and that they are entitled to judgment as a matter of law on Transwest's and Schenker's claims. They merely refer to an isolated statement in Transwest's F.R.Civ.P. 26(a)(1) initial disclosures.

On another matter, this Court notes that Cashless, a corporation, attempts to appear without counsel. A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United*

*States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202, 113 S.Ct. at 721. This Court's Local Rule 183 provides: "A corporation or other entity may appear only by an attorney."

Cashless may appear in this action only through counsel.

As such, this Court:

1. DENIES summary disposition of Transwest's and Schenker's claims;

2. ADMONISHES Cashless that it may appear in this action only by an attorney under this Court's Local Rule 183(a) and that failure to secure an attorney may result in Cashless' forfeiture of rights; and

3. ORDERS Cashless to take immediate steps to retain counsel to represent it.

IT IS SO ORDERED.

**Dated:   April 26, 2012**                         /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE

3