# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSWEST CAPITAL, INC. | CASE NO. 12-CV-0049 LJO-BAM |
| Plaintiff, | **ORDER DENYING STAY WITHOUT PREJUDICE** |
| vs. | |
| CASHLESS CONCEPTS, INC. et al., | |
| Defendants. | |

The Court has received and reviewed defendant Danny Ray Digman's request for a stay of this case. (Doc. 15) Mr. Digman requests a stay because a criminal action is pending against him in Texas which is based upon the same or similar allegations as the above action. Mr. Digman states that he "is unable to participate in his defense in this civil action until the criminal action is resolved." (Doc. 15.) Defendants oppose the stay request on the grounds that insufficient information has been provided by Mr. Digman such that it is impossible to evaluate whether a stay should be granted.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163 (1936). The privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies not only at trial, but also during the discovery process. *United States v. Balsys,* 524 U.S. 666, 672, 118 S.Ct. 2218, 2222 (1998) (privilege assertable in any type of proceeding, "civil or criminal, administrative or judicial, investigatory or adjudicatory.")

1       Mr. Digman may be entitled to a stay, but he has not provided specific information as to the criminal proceeding. While the motion alerts the Court that "Defendant United Rentals, Inc. brought a criminal complaint against Defendant Digman," the Court assumes that a criminal complaint was instituted by a governmental agency, because a private party cannot institute a criminal action. Nonetheless, the Court must be informed whether, in fact, a criminal action is pending. Further, no case information is provided, such as the type of charges or the trial date. Accordingly, the Court is unable to make an informed decision as to whether a stay is appropriate.

      For the foregoing reasons, the Court DENIES the request for a stay, without prejudice. Mr. Digman may file a renewed request for a stay within 30 days from the date of this order.

IT IS SO ORDERED.

**Dated:**  **May 8, 2012**               /s/ **Barbara A. McAuliffe**
                                                         UNITED STATES MAGISTRATE JUDGE