# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSWEST CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASHLESS CONCEPTS, INC., et al., <br><br> Defendants. | Case No. 1:12-cv-00049-SAB <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, WITHOUT PREJUDICE TO REFILE <br><br> ECF No. 49 |

On May 22, 2013, Plaintiff Transwest Capital, Inc. ("Plaintiff") filed a motion seeking default judgment against Defendants Cashless Concepts, Inc. d/b/a Rental Transport Services ("Cashless") and Danny Ray Digman ("Digman"). (ECF No. 49.)

Plaintiff originally set the hearing on the motion for default judgment for June 5, 2013. However, Local Rule 230(b) requires motions to be heard at least twenty-eight (28) days after servicing and filing the motion. Accordingly, the Court will deny Plaintiff's motion without prejudice to Plaintiff's right to re-file his motion and set a hearing date at least twenty-eight (28) days after the motion is served and filed.

Further, the Court notes that Plaintiff seeks default judgment against Cashless and Digman prior to the resolution of its claims against Defendants United Rentals, Inc. ("United") and Schenker Logistics, Inc. ("Schenker"). With respect to judgments against fewer than all the defendants in an action, Federal Rule of Civil Procedure 54(b) states:

1

> [W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reasons for delay.

In cases involving requests for default judgment against fewer than all of the defendants in an action, the Supreme Court has held that default judgment should not be entered where liability against all the defendants is joint. Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Ninth Circuit extended this holding to prohibit default judgment against fewer than all of the defendants in an action where the co-defendants are "similarly situated, even if not jointly and severally liable." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001); see also Garamendi v. Henin, 683 F.3d 1069, 1082 (9th Cir. 2012). The rule against entry of default judgment against fewer than all of the defendants in the action is to prevent inconsistent judgments between the defaulting defendants and the non-defaulting defendants, which "would be incongruous and illegal." Frow, 82 U.S. at 554.

In light of Frow and In re First T.D. & Inv., Inc., the Court will order Plaintiff to brief the issue of default judgment against fewer than all of the defendants in this action. Given the facts of this case, it may be possible that judgment against Cashless and Digman will not necessarily be inconsistent with a judgment entered in favor of United and Schenker. On the other hand, United and Schenker could theoretically prevail on a theory that would be applicable to Cashless and Digman, which would result in inconsistent judgments if judgment were entered against Cashless and Digman. Notably, Plaintiff's third cause of action for negligent misrepresentation appears to allege joint liability against all defendants. (See Compl. ¶¶ 28-36.) Accordingly, the Court will request further briefing on this issue, should Plaintiff opt to re-file its motion. In accordance with the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment is DENIED without prejudice;
2. Plaintiff may re-file its motion for default judgment and set a hearing date at least twenty-eight (28) days after the motion is filed in compliance with Local Rule 230(b); and

3. Plaintiff's re-filed motion shall include briefing on the issue of default judgment against fewer than all of the defendants in this action.

IT IS SO ORDERED.

Dated: **May 23, 2013**

UNITED STATES MAGISTRATE JUDGE

3