# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSWEST CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASHLESS CONCEPTS, INC., et al., <br><br> Defendants. | Case No.  1:12-cv-00049-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE PARTIALLY GRANTED <br><br> ECF NO. 56 <br><br> OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On July 2, 2013, Plaintiff Transwest Capital, Inc. ("Plaintiff") filed a motion for default judgment against Defendants Cashless Concepts, Inc. d/b/a Rental Transport Services ("Cashless") and Danny Ray Digman ("Digman").  (ECF No. 56.)  This matter was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 303.[1]

A hearing on Plaintiff's motion for default judgment took place on August 7, 2013. Following the hearing, the Court permitted Plaintiff to submit supplemental briefing on the issue of prejudgment interest, which was filed on August 13, 2013.  (ECF No. 61.)  For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be partially granted.

---

[1] Cashless and Digman have not consented to the jurisdiction of a United States Magistrate Judge.

1

# I.

# BACKGROUND

This action was removed from the Superior Court of California for the County of Tulare on January 10, 2012. (ECF No. 1.) Plaintiff's complaint alleged that Plaintiff entered into a written factoring and security agreement with Cashless whereby Plaintiff agreed to make cash advances to Cashless in return for assignments of Cashless' accounts receivables. Plaintiff alleges that Cashless and Digman created invalid invoices and bills of lading representing sales and services sold to United Rentals, Inc. ("United Rentals") and sold them to Plaintiff. When Plaintiff attempted to collect on the invoices, United Rentals and their logistics vendor, Schenker Logistics, Inc. ("Schenker"), informed Plaintiff that the invoices were invalid and refused to pay. Plaintiff then sued Cashless, Digman, United Rentals and Schenker. Plaintiff further alleges that he was fraudulently induced into purchasing Cashless' accounts receivables based upon false representations made by Cashless, Digman, United Rentals and Schenker that led Plaintiff to believe that the invoices and bills of lading were valid.

On April 26, 2013, United Rentals was dismissed from this action pursuant to a stipulation executed by Plaintiff. (ECF No. 32.) On July 1, 2013, Plaintiff informed the Court that a settlement had been reached between Plaintiff and Schenker. (ECF No. 54.) Accordingly, the only outstanding claims in this action are Plaintiff's claims against Cashless and Digman.

On May 28, 2013, default was entered against Cashless and Digman. (ECF No. 51.) Through the present motion, Plaintiff now seeks default judgment against Cashless and Digman.

# II.

# LEGAL STANDARD FOR DEFAULT JUDGMENT

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application

>    at least 7 days before the hearing.  The court may conduct hearings
>    or make referrals—preserving any federal statutory right to a jury
>    trial—when, to enter or effectuate judgment, it needs to:
>        (A) conduct an accounting;
>        (B) determine the amount of damages;
>        (C) establish the truth of any allegation by evidence; or
>        (D) investigate any other matter.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).  However, the complaint's factual allegations relating to the amount of damages are not taken as true.  Geddes, 559 F.2d at 560.  Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means.  Microsoft Corp., 549 F. Supp. 2d at 1236.  Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is committed to the Court's discretion.  Eithel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

### III.

### DISCUSSION

#### A.   Proper Measure of Damages

As an initial matter, the Court must determine the proper measure of damages for the causes of action raised in Plaintiff's complaint.  In diversity actions, federal courts look to state law to determine the proper measure of damages.  Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003).

Plaintiff's motion for default judgment did not initially include any discussion regarding the proper measure of damages.  Plaintiff's complaint raises multiple causes of action and those causes of action have differing measures of damages.  Plaintiff's motion for default judgment does not specify which cause of action or measure of damages supports his calculation of damages.  However, at the hearing on the motion for default judgment, Plaintiff stated that he only seeks "out-of-pocket" damages, and does not seek to recover breach of contract damages measured by the profits Plaintiff would have enjoyed if the factoring and security agreement had

not been breached.

Under California law, the "out-of-pocket" measure of damages is applicable to torts. Kenly v. Ukegawa, 16 Cal. App. 4th 49, 54 (1993); see also Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995) ("out-of-pocket" measure of damages applies to fraud claims). "The 'out-of-pocket' measure of damages 'is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." Alliance Mortgage Co., 10 Cal. 4th at 1240. Accordingly, the Court will calculate Plaintiff's damages based upon what Plaintiff gave and what it received.

### B. Plaintiff's "Out-Of-Pocket" Damages

Turning to the issue of the proper measure of "out-of-pocket" damages, the Court finds that Plaintiff was damaged in the amount of $124,683.50.[2] Plaintiff introduced evidence showing that, as a result of Cashless and Digman's fraudulent representations, Plaintiff was induced into entering into a factoring and security agreement whereby Plaintiff advanced $124,683.50 in cash to Cashless in exchange for the assignment of Cashless's accounts receivables. (Cummings Decl. ¶ 4.) Accordingly, in order to restore Plaintiff to the financial position enjoyed by it prior to the fraudulent transaction, Plaintiff should be awarded $124,683.50 in principal damages.

### C. Plaintiff's Entitlement to Prejudgment Interest

Plaintiff also seeks recovery of prejudgment interest at the rate of seven percent per annum.[3] Under California law, prejudgment interest may be awarded in fraud actions at the discretion of the trier of fact. Cal. Civ. Code § 3288; Vogelsang v. Wolpert, 227 Cal. App. 2d 102, 125 (1964); see also Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment, 189 F.3d 1017,

---

[2] In its moving papers, Plaintiff initially indicated that its out of pocket damages were $129,500.65. However, in a supplemental brief filed on August 13, 2013, Plaintiff indicated that the original figure was submitted in error and the actual figure should be $124,683.50. (ECF No. 61.) Therefore, the Court's findings at the hearing regarding the $129,500.65 in out-of-pocket damages is hereby vacated and replaced by findings based on the corrected amount.

[3] Plaintiff initially requested prejudgment interest at the rate of ten percent per annum. However, at the hearing, Plaintiff could not support any authority for the ten percent per annum figure and conceded that seven percent would be applicable.

1031 (9th Cir. 1999) (Under California law, "prejudgment interest may be awarded on successful fraud claims."). "In diversity actions, state law determines the rate of prejudgment interest...." American Tel. & Tel. Co. v. United Computer Systems, Inc., 98 F.3d 1206, 1209 (9th Cir. 1996). Under California law, "[t]here is no legislative act specifying the rate of prejudgment interest for a fraud claim, and therefore the constitutional rate of 7 percent applies...." Michelson v. Hamada, 29 Cal. App. 4th 1566, 1585 (1994).

Plaintiff seeks prejudgment interest accruing from February 14, 2011 through July 2, 2013. In its supplemental brief filed on August 13, 2013, Plaintiff requested prejudgment interest accruing from February 14, 2011 because "the last of the eight unpaid invoices was due February 13, 2011." (Pl. Transwest Capital, Inc's Suppl. Briefing Re Calc. of Pre-Judgment Interest ("Brief Re Calc. of Pre-Judgment Interest") 2:2-3.) Normally, prejudgment interest is calculated "'from the time the plaintiff parted with the money or property on the basis of the defendant's fraud.'" Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1241 (1995). However, Plaintiff does not request prejudgment interest accruing prior to February 14, 2011.

Plaintiff requests prejudgment interest accruing until July 2, 2013. Plaintiff identifies July 2, 2013 as "the date Transwest's default paperwork was submitted." (Brief Re Calc. of Pre-Judgment Interest 2:5-6.) Normally, prejudgment interest is calculated through the date that judgment is entered. See Tenzera, Inc. v. Osterman, 205 Cal.App.4th 16, 21-22 (2012). However, Plaintiff does not request prejudgment interest accruing between July 2, 2013 and the date of entry of judgment.

Plaintiff indicates that it recovered $48,000.00 in settlement from the other defendants in this action, but fails to identify when this amount was recovered and fails to account for this settlement recovery in its prejudgment interest calculations. In cases involving the calculation of prejudgment interest where one or more co-defendants settled prior to judgment:

> [t]hat interest must be awarded against the nonsettling defendants on the full amount of judgment *only* up to the date when the settling tortfeasor makes payment to plaintiff, who then has that money to use or invest. Thereafter, the plaintiff is entitled to further prejudgment interest from the nonsettling defendants only on the remaining principal balance of the judgment after its reduction by such settlement amount. Were the rule otherwise,

> plaintiff would clearly be doubly compensated by first receiving the use and benefit of a partial settlement sum, and thereafter obtaining the additional compensation of continuing prejudgment interest thereon from a nonsettling defendant.

Newby v. Vroman, 11 Cal. App. 4th 283, 290 (1992).

Plaintiff did not submit evidence demonstrating when it received the $48,000.00 from the settling defendants and therefore has not submitted evidence demonstrating when prejudgment interest on that amount should cease to accrue. Further, Plaintiff did not submit evidence demonstrating how much of the $48,000.00 came from the earlier-in-time settlement with United Rentals[4] and how much came from the later-in-time settlement with Schenker.

The Court received notice of the first settlement with United Rentals on April 26, 2013. (See ECF No. 31.) Accordingly, from the Court's records it appears Plaintiff would be entitled to prejudgment interest on the entire $124,683.50 in principal damages for the time period between February 14, 2011 through April 26, 2013. This amounts to $19,177.35 in interest for that period.[5]

Since Plaintiff did not submit evidence demonstrating when it received the settlement funds, the Court finds that Plaintiff has only proven entitlement to prejudgment interest on the principal amount of $124,683.50 less the $48,000.00 in settlement proceeds for the period after April 26, 2013. Accordingly, the Court will only award prejudgment interest on $76,683.50 between April 26, 2013 and July 2, 2013. This amounts to $985.33 in interest for that period.[6] Thus, Plaintiff has demonstrated entitlement to a total of $20,162.68 in prejudgment interest.

### D. Effect of Settlement on Damages

Plaintiff concedes that any default judgment should be offset by the amounts Plaintiff recovered through settlement from the other defendants in this action. Under California law, a good faith[7] settlement between a plaintiff and one or more joint tortfeasors[8] has the effect of

---

[4] United Rentals was dismissed from this action pursuant to a stipulation on April 26, 2013. (ECF No. 31.) It is unclear whether this dismissal resulted from a monetary settlement.

[5] (802 days /365 days per year) x 0.07 x $124,683.50 = $19,177.35

[6] (67 days / 365 days per year) x 0.07 x $76,683.50 = $985.33

[7] There is no indication that the settlements between Plaintiff, United Rentals and Schenker were entered into in bad faith. The party asserting the lack of good faith has the burden of proof on that issue, Cal. Code Civ. Proc. §

discharging the settling defendant(s) from liability for any contribution to any other parties and reduces the plaintiff's claims against the others by the amount paid in settlement. Cal. Code Civ. Proc. § 877; see also Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 492-502 (1985). Accordingly, in this case, the default judgment against Cashless and Digman shall be reduced by $48,000.00, the amount Plaintiff recovered in settlement from United Rentals and Schenker. (Cummings Decl. ¶ 10.)

## IV.

## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff presented adequate evidence supporting damages in the principal amount of $124,683.50, plus an additional $20,162.68 in prejudgment interest. The Court further finds that Plaintiff's judgment should be offset by $48,000.00, representing the amount Plaintiff recovered in settlement from United Rentals and Schenker.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for default judgment be PARTIALLY GRANTED and that judgment be entered in favor of Plaintiff Transwest Capital, Inc. and against Defendants Cashless Concepts, Inc. d/b/a Rental Transport Services and Danny Ray Digman in the total amount of $96,846.18.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the

---

877.6(d); Tech-Bilt, Inc., 38 Cal. 3d at 499, and no party has asserted lack of good faith in this case. Therefore, the Court has no occasion to review the good faith issue.

[8] There is some ambiguity over whether United Rentals and Schenker are joint tortfeasors with Cashless and Digman because they are listed as co-defendants in Plaintiff's third cause of action for negligent misrepresentation but are not listed as co-defendants in Plaintiff's second cause of action for fraud. However the distinction is academic. If they are joint tortfeasors, the default judgment is reduced by $48,000 by operation of California Code of Civil Procedure section 877. If they are not joint tortfeasors, the default judgment would still be reduced by $48,000 since the calculation of damages is aimed at restoring Plaintiff to the position he was in prior to the fraudulent conduct, which must account for the $48,000 received in settlement, otherwise Plaintiff would receive a windfall.

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may constitute a waiver of the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 16, 2013**__

UNITED STATES MAGISTRATE JUDGE